CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 8 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN PHILLIP MARTIN, | ) | CASE NO. 7:13CV00313 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| STANLEY BRITTON, JR., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

John Phillip Martin, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Martin's complaint reads as follows, verbatim:

> Upon 10/23/2011 Hwy 360 West Halifax County, Virginia. Stanley Britton, Jr. performed s[ei]zure upon Sheila martins Registered Vehicle. Within Court transcript 2/22/12 testified he had no reason for s[ei]zure. Evoked 6th Amendment Speedy trial 2/20/13, 5/9/13, 6/3/13 Also code of VA 19.2-243 – Court Date set for 10/9th, 10th, 11th/2013 Upon 10/23/2011 on Rt 613 terrysbridge Rd Stanley Britton Jr reached into vehicle and s[ei]zed John Phillip Martin's "papers" or license out of lap during terry stop. Then Maced John Phillip Martin

(Compl. 1.) As relief, Martin seeks monetary damages and "emancipation of current condition." (Id.) The court finds that the action must be summarily dismissed for failure to state facts sufficient to present a plausible claim for relief under § 1983.

The court is required to review prisoner complaints for compliance with the basic rules of pleading and either "identify cognizable claims or dismiss the complaint, or any portion of the complaint [that] fails to state a claim upon which relief can be granted." 28 U.S.C. § 1915A(b)(1). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Courts must liberally construe pleadings filed by pro se plaintiffs to ensure that mere technical requirements do not foreclose potentially meritorious

claims. Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985). Nevertheless, the court must be able to discern from the complaint the parties being sued, the alleged conduct on which each claim rests, and the nature of the injury to be compensated. Even a pro se plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Martin's complaint does not provide sufficient facts to state any plausible claim actionable under § 1983. From the sparse details he provides, the court cannot determine who the defendant is, why he is subject to suit under § 1983, or where to find him to serve process on him. The complaint also offers no indication of the manner in which the defendant's actions may have violated plaintiff's constitutional rights.[1] Thus, the complaint fails to state any actionable § 1938 claim for monetary damages against Britton.

The court construes Martin's demand for "emancipation of current condition" to be a request for release from incarceration. When a detainee challenges the fact or duration of his detention, a civil rights complaint is not the proper legal remedy. Preiser v. Rodriguez, 411 U.S. 475 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). A detainee may raise such challenges to his detention only by filing a petition for a writ of habeas corpus, following

---

[1] To the extent that Martin seeks damages based on a theory that Britton's actions contributed in some way to his unlawful arrest or detention, he is hereby advised that claims of this nature are not actionable under § 1983 unless the resulting convictions have been overturned or set aside. See, e.g. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). He is also advised that claims under § 1983 must generally be filed within two years of the asserted injury. See Va. Code Ann. § 8.01-243(a); Owens v. Okure, 488 U.S. 235, 239-40 (1989).

exhaustion of available state court remedies. Id.; see also 28 U.S.C. § 2254(b) (regarding exhaustion requirement).[2] Thus, Martin cannot state a claim under § 1983 for release from confinement.

For the reasons stated, the court dismisses Martin's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 8th day of August, 2013.

Senior United States District Judge

---

[2] As Martin's submissions indicate that his criminal proceedings are currently pending, the court is satisfied that he has state court remedies yet available to him. As such, he has not yet satisfied the exhaustion requirement under § 2254(b). Accordingly, the court will not construe his submission as a habeas petition under § 2254.

3